# United States District Court

## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

BRENT DWAYNE DYSON

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-CR-30

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 33-year-old Grand Rapids resident who has fathered four children. He sees the children frequently but does not live with them. In September 2007, defendant was arrested on an outstanding child support warrant. He apparently owes $20,000 in child support.

Defendant has used heroin on a monthly basis from 2000 until he was incarcerated in October 2008. He has a sporadic work history as a temp. Defendant has a lengthy criminal history going back to when he was a (continued on next page)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will ensure the safety of the community, since there is nothing in defendant's background or the facts in this case to rebut the presumption that arises (on two of these charges) that he will be a danger to the community.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 23, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **BRENT DWAYNE DYSON**
1:09-CR-30
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

juvenile.  His early adult offenses included assault and battery, intent to deliver cocaine, carrying a concealed weapon, trespassing, urinating in public, consuming alcohol in public, and resisting and obstructing the police.

In 2001, defendant was prosecuted in this court for being a felon in possession of a firearm, and was sentenced to 48 months with the BOP.  He was placed on supervised release in October 2004, but in February 2005 he either failed to report for drug testing or tested positive on two occasions, and he was arrested for drunk driving as a result of an automobile accident on another occasion.  Defendant was returned to the Bureau of Prisons for two years.

Defendant was released from the Bureau of Prisons for a second time in February 2007.  The following year he was convicted of operating a motor vehicle while intoxicated, and since October 2008, has been in state custody of a variety of drug charges, prior to that case being transferred to federal court in the present case.

The pending charges arise out of an undercover drug purchase by the Grand Rapids Police Department.  At the time of his arrest, defendant was found with heroin (and marijuana) on his person and 80 grams of heroin in his closet, along with a loaded handgun.  Defendant admitted everything in the department belonged to him.  The heroin was divided up into approximately 85 single doses for sale.

Defense counsel points out defendant has never failed to appear for court and was allowed by this court to self-report for his earlier prison sentence.

**Part II - Written Statement of Reasons for Detention** - (continued)